Aron Steuer, J.
The action is for a declaratory judgment. The motion and cross motion are for summary judgment. The purpose is to test the constitutionality of Local Law 80. (Local Laws, 1957, No. 80 of City of New York.) Whatever else one may think about the plaintiff or this proceeding, one thing is admirable, the directness and simplicity of the attack. Local Law 80 is designed to prevent discrimination in housing and forbids owners of multiple dwellings to deny accommodations on account of race, color or religion. A somewhat unusual machinery is set up to determine whether a landlord has in fact refused to rent on the forbidden grounds and to induce him to change his ways without the necessity of punitive or coercive action. But it is no flaw in these provisions that plaintiff points to. Plaintiff has stated openly and unequivocably that he will not rent to Negroes. He challenges the proposition that any government can impose any restriction or condition on his right to approve or disapprove any applicant for tenancy. To use his own example, he claims an inviolable right to rent to redheaded women, and no others, if he so chooses.
A library of respectable proportions could be filled with the volumes written on the question which this application raises. And no small proportion of the space would be devoted to judicial opinion. These conditions dispense with the need for elaborate exposition but do make it difficult to make a succinct statement of the reasons prompting decisions without appearing to pontificate. The basis of plaintiff’s complaint with the statute is that it is an unjustified interference with his property rights in his business. He claims that a vital element in successful renting is the selection of tenants and that any regulation which hampers the exercise of his judgment in this phase of his business is beyond the power of the State. To an extent he is correct. Just because a man is a Negro he is not, ipso facto, a desirable tenant. But the statute does not say that. It says the converse — because a man is a Negro he is not, ipso facto, an undesirable tenant. And in that the plaintiff disagrees.
'It has long been recognized that the State has the power to make many regulations in regard to rental housing. It is so familiar that citation is unnecessary that the size, area, type of construction, window space and sanitary facilities are all subject to regulation, as are the number of people who may *391 occupy a given space. Each of these regulations was at one time regarded as an encroachment on free enterprise or the rights of private property. The same arguments against these regulations are now considered obsolete as regards the subject matter and are no longer heard.
It is now believed that many of our problems arising from the diverse nature of our population will be brought nearer solution by integration. Statutes now forbid racial discrimination in hiring. These have been found constitutionally unobjectionable (Matter of Holland v. Edwards, 307 N. Y. 38, 42). The interference with private business is just as great but it has had to yield to changing concepts of what the State can and should do.
Plaintiff asserts that many landlords do what he wants to do but do it by stealth and indirection, which he scorns. Unfortunately, it is very probable that he is right. Changes are resisted in many ways, not all of them honorable. Here assistance is given the evader by the difficulty of proof. It is difficult to prove that a prospective tenant was rejected for racial reasons. But the fact that some may evade the statutory prohibition is no reason for nullifying the statute or abandoning the purpose it seeks to accomplish.
Lastly, there is plaintiff’s argument that he may limit his tenancies to ladies with red hair if he so elects. As an argument, this is not quite as bizarre as it seems, because, if he can exclude all men and the great majority of women, why can he not exclude Negroes? The answer is a practical one. While there may be an occasional landlord who would allow such a vagary to control his rental policy, the situation, if it exists at all, is so rare that legislation in regard to it has not been occasioned. Landlords, like others in business, are actuated by a profit motive. Any such policy would no doubt soon see a landlord out of business, so instances do not occur.
After all, plaintiff’s voluminous papers do not reveal any personal prejudice against Negroes, and his complete candor on the subject leads to the belief that if he had any personal feeling he would have expressed it. His objection is that having Negro tenants would in one way or another eventually lessen his rental income. Obviously, if the purposes of the statute are effected, this cannot be true. But whether it is or no, it is an additional instance where the individual must yield to what legislative authority deems is for the common good. Motion denied; cross motion granted.