George H. Vinette, J.
The petitioner has commenced the above-entitled proceeding (Civ. Prac. Act, art. 78), pursuant to section 298 of the Executive Law, to vacate an order made by the respondents and dated July 9, 1963. Respondents have served the above-entitled notice of cross motion to enforce its said order, pursuant to section 298.
This matter involved article 15 (§§ 290-301) of the Executive Law entitled “ State commission for human rights.”
*237 The facts herein are substantially undisputed. The petitioner is the owner of the premises known as 237 Croly Street, Syracuse, New York. Situated thereon is a multiple residence consisting o'f eight apartments. Since February, 1962, one of the said apartments had been occupied by a Negro family. On March 14, 1962, two of the said apartments were vacant. On that day, James Anderson sought to lease one of the vacant apartments. He is a doctor and a captain in the United States Army. He is a Negro. The petitioner refused to rent an apartment to him. On March 19, 1962, Anderson filed a complaint with the State Commission for Human Rights, pursuant to section 297 of the Executive Law, charging the petitioner with an unlawful discrimininatory practice under section 296 (subd. 5, par. [a], cl. [1]) of the said law. Subsequently an amended complaint was filed. The petitioner interposed an answer and amended answer.
The commission caused the said complaint to be investigated. It found probable cause to credit the allegations of the complaint and so advised the petitioner. Representatives of the commission conferred with the petitioner and sought to eliminate the alleged unlawful discriminatory practices by voluntary means, but this attempt failed. Thereafter, a notice of hearing was served by the commission upon the petitioner, together with a copy of the amended complaint. A public hearing was held at which the petitioner testified.
The petitioner admits that he had no objection to the qualifications of James Anderson as a tenant and that he refused to rent to Anderson by reason of the fact that he is a Negro. He also stated that he would not rent to any other Negro as long as he has his present Negro tenant and unless and until the attitude of the white people towards Negroes changes. His position may be substantially restated as follows. He does not believe in, nor does he practice, discrimination, as is indicated by his voluntary rental to his present Negro tenant. It is his opinion that white tenants prefer to live with white people exclusively and that rental to a second Negro family would cause the other white tenants to move and create an inability to replace them with a mixed group of whites and Negroes. Thereby his premises would be rented solely by Negroes which would cause a condition of segregation. He said any additional rental by him to Negroes would cause white tenants in the immediate area to react in the same fashion. When he rented to his present Negro tenant, several of his white tenants protested and in order to satisfy them he promised that he would not rent to any other *238 Negroes. He was unable to rent the two vacant apartments for several months by reason of the presence of his Negro tenant. It is his position that one Negro tenant in a multiple residence of eight apartments creates a stable ratio and satisfies the law against discrimination, at least until the attitude of the white community changes.
Following the hearing, the respondents issued the order herein, requiring in substance, that he rent or lease to Anderson or any Negroes and requiring compliance with the law against discrimination.
Section 298 of the law against discrimination provides in part, that the “findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole.” The findings of the commission herein are supported by substantial evidence, most of which was not disputed by the petitioner. These findings are therefore conclusive. (Matter of Holland v. Edwards, 307 N. Y. 38, 44.)
The law against discrimination is constitutional and valid. (Matter of New York State Comm. Against Discrimination v. Pelham Hall Apts., 10 Misc 2d 334; Martin v. City of New York, 22 Misc 2d 389; Jones v. Haridor Realty Corp., 37 N. J. 384; Massachusetts Comm. Against Discrimination v. Colangelo, 344 Mass. 387.)
The petitioner’s position is directly contrary to the express provisions of this law. A partial or limited compliance with the statute does not, and cannot, constitute a substantial compliance therewith. A contrary decision would confer upon the petitioner an exemption from substantial compliance. His position, if sustained, would, in effect, amend the law to provide that an occupancy by a Negro of one apartment out of a total of eight apartments, permits the petitioner “ To refuse to sell, rent, lease or otherwise to deny to or withhold from any person or group of persons such housing accommodation because of the race, creed, color or national origin of such person or persons ”, contrary to the express mandate of the statute. The statute does not permit a gradual, partial or progressive application of the law. Obviously, the court may not change or amend the law by judicial construction. It must apply the statute as it is written.
The respondents’ construction of the law is in harmony with the statute and the petitioner’s attack thereon is untenable. Neither the respondents nor the petitioner may adopt a construction which would permit discrimination in the rental of multiple dwellings. (Matter of American Jewish Congress v. Carter, 23 Misc 2d 446, mod. on other grounds 10 A D 2d 833, *239 affd. 9 N Y 2d 223.) The remedy for any adverse consequences of this law must be sought in the Legislature.
The petitioner complains that he was not advised of the results of the investigation conducted by the commission. It does appear from the decision of J. Edward Conway, Investigating Commissioner, dated November 29, 1962, that he found upon investigation there was probable cause to credit the allegations of the complaint and that he conferred with petitioner on two occasions and exchanged correspondence with him in an attempt to conciliate this matter. At page 28 of the minutes of the public hearing, petitioner testified to substantially the same effect. Certainly petitioner must have thereby been informed of the substance of the results of the investigation. In any event, it does not appear that he was prejudiced in this respect.
The petitioner’s complaint that the respondents did not investigate his defenses is untenable. He was given full opportunity to present his evidence in support thereof. The record does not indicate that the investigation was inadequate or that the petitioner was prejudiced in this respect. In any event, his defenses are insufficient. The public hearing herein held was fair.
The petitioner has not specifically objected to the provisions of the said order, except subdivisions d and e of section 2 thereof, and has not requested any particular modifications thereof. In general, the order cannot be said to be improper. Section 297 of the Executive Law provides that if upon all of the evidence at the hearing the commission shall find that a person has engaged in any unlawful discriminatory practice the commission shall state its findings of fact and shall issue and cause to be served on such person an order requiring such person to cease and desist from such unlawful discriminatory practice, and take such affirmative action as in the judgment of the commission will effectuate the purposes of this law and include a requirement for a report of the manner of compliance. The commission has wide discretion in its choice of a remedy deemed adequate to cope with the unlawful practices in question and the courts will not interfere except where the remedy selected has no reasonable relief to the unlawful practices found to exist. (Matter of Holland v. Edwards, 307 N. Y. 38, 46.) Subdivision e of section 2 of the order is too vague to be enforced. The poster therein mentioned is not identified and its contents are unknown. It should be deleted. Subdivision d is not improper.
The motion of the petitioner to vacate the said order is denied. The cross motion of the respondents to enforce the said order is granted, except as to subdivision e of section 2.
*240 ORDER
Upon the basis of the foregoing decision, findings of fact and conclusions of law, and pursuant to Section 297 of the Law Against Discrimination, it is hereby
ordered by the State Commission for Human Rights (by Bernard Katzen, Presiding Hearing Commissioner, Ruperto Ruiz and Francis X. Ciaccone, Hearing Commissioners) that respondent, Charles E. Cooney, Jr., and his agents, representatives, servants, employees, successors and assigns shall:
1. Cease and desist from:
a. Refusing to rent or lease to complainant, because of his color, any housing accommodation located in the multiple dwelling at 237 Croly Street, Syracuse, New York, or any other housing accommodation within the coverage of the Law Against Discrimination which is owned by respondent or as to which he has the right to sell, rent or lease;
b. Refusing to rent or lease to Negroes, because of their color, housing accommodations located in the multiple dwelling at 237 Croly Street, Syracuse, New York, or any other housing accommodation within the coverage of the Law Against Discrimination which is owned by respondent or as to which he has the right to sell, rent or lease;
c. Maintaining • or applying to the multiple dwelling at 237 Croly Street, Syracuse, New York, or any other housing accommodation within the coverage of the Law Against Discrimination which is owned by respondent or as to which he has the right to sell, rent or lease any quota or maximum percentage based on race, creed, color or national origin or any other specification as to the race, creed, color, or national origin of present or prospective tenants or occupants.
2. Take the following affirmative action, which, in the judgment of the State Commission for Human Rights, will effectuate the purposes of the Law Against Discrimination:
a. Offer to rent or lease to complainant the first available apartment in the multiple dwelling located at 237 Croly Street, Syracuse, New York, or in any other housing subject to the Law Against Discrimination located in the State of New York, now or hereafter owned or controlled by respondent.
b. Rent or lease all housing accommodations in the multiple dwelling located at 237 Croly Street, Syracuse, New York, and in any other housing subject to the Law Against Discrimination located in the State of New York, now or hereafter owned or controlled by respondent without regard to the race, creed, color or national origin of applicants for such housing.
c. With respect to all housing accommodations in the multiple dwelling located at 237 Croly Street, Syracuse, New York, and in any other housing subject to the Law Against Discrimination located in the State of New York, now or hereafter owned or controlled by respondent:
(1) Apply the same standards, terms, conditions and privileges in the rental or lease of any such housing accommodation or in the furnishing of facilities or services in connection therewith to all applicants for such housing and to all tenants thereof regardless of their race, creed, color or national origin;
(2) Transmit to the Commission forthwith a statement listing the apartments available for rent stating the address, the designation, the number of rooms and the requested rental for each apartment.
d. Issue to all persons who are now agents, representatives or employees of respondent or who may become such within one year from the date of this order, written instructions, previously approved by the Commission, explaining the requirements and objectives of the Law Against Discrimination and advising each such person of his individual responsibility for compliance with the Law *241 Against Discrimination and his obligation to make such compliance meaningful and effective. Copies of such instructions signed by the said persons individually and acknowledging receipt and understanding thereof shall be transmitted to the Commission by the respondent.
e. Post in every office now or hereafter maintained by the respondent copies of the Commission poster conspicuously in accessible and well-lighted places where it may be readily observed by those seeking housing accommodations.
f. Notify the New York State Commission for Human Rights at its office at 270 Broadway, New York 7, New York, in writing within fifteen (15) days of the date of service of this Order, as to the steps respondent has taken to comply with each ordered provision of this order.
Dated: New York, N. Y.
July 9, 1963