John H. Farnham, J.
This is a proceeding pursuant to section 298 of the Executive Law (art. 15, known as the Law Against Discrimination) seeking a review and annulment of an order dated March 4, 1964, made by the State Commission for Human Rights, following a proceeding before the commission. The commission is cross petitioner, and pursuant to section 298 seeks a court order enforcing the commission’s order of March 4, 1964. In short, the commission’s order referred to above results from the following facts.
*897 The petitioners, Mary and Henry Kindt, owned premises located at No. 1201 Madison Street, Syracuse, New York, upon which is situated a three-apartment building. The Kindts themselves do not reside in the building. It appears that the respondents, Otis Smith and Carol L. Smith, are husband and wife with two children and are residents of Syracuse, New York. Mrs. Smith is Caucasian and her husband is a Negro. The Kindts had an apartment available for rental on or about October 1, 1963. Mr. and Mrs. Smith being interested in the apartment, Henry Kindt met with Carol L. Smith on September 9 at Mrs. Smith’s home, which is near the subject premises on Madison Street and rental of the vacant apartment was discussed. Mr. Smith was not present, but Mr. Kindt was informed that he was a Negro.
Following the meeting on September 9, Mr. Kindt informed Mrs. Smith he would let her know whether he would rent the apartment to her. Subsequently, on September 14, 1963, Mr. Kindt made arrangements to show the apartment to a Mrs. Robinson, a white person, and her husband, who had indicated their interest in the apartment over the telephone on September 11. Following the meeting at the apartment on September 14 between Mr. and Mrs. Robinson and Mr. Kindt, Kindt agreed that he would accept the deposit and would rent the apartment to the Robinsons. Thereupon, Mr. Robinson, stating that he did not have his checkbook available, sent his wife outside to. his car purportedly to get the checkbook. A few moments later he reappeared at the apartment in company with Mr. and Mrs. Smith and a female representative of CORE. Mr. Robinson then informed Mr. Kindt that he was not really interested in renting the apartment but, in substance requested that the apartment be rented to the Smiths. Kindt being very quiet and refusing to discuss the matter, thereupon left.
The foregoing is merely a skeletal structure of the facts on a chronological basis. The court has reviewed carefully the minutes of the hearing before the commission and the briefs filed on behalf of both parties to this proceeding. Reviewing the commission’s findings of fact, the court feels they are supported by sufficient substantial evidence on the record considered as a whole. Section 298 of the Executive Law provides: ‘ ‘ The findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole ”. The substantial evidence rule applies in a review of this type. (Matter of Holland v. Edwards, 307 N. Y. 38; Matter of Stork Rest. v. Boland, 282 N. Y. 256.)
*898 The court believes there was substantial evidence on the record, in its entirety, upon which the commission could make its determination that Mr. Kindt had refused to rent his apartment to Mrs. Smith and her husband because he was a Negro. The chronology of which only a small part has been mentioned above together with statements by Mr. Kindt to various witnesses who testified at the hearing would seem to bear out substantially the charged violation of the law. The commission had a right to sift the evidence, accept the true evidence and reject the false and base inferences on what it accepted as true. “ Choice lies with the Board and its finding is supported by the evidence and is conclusive where others might reasonably make the same choice ”. (Stork Rest. v. Boland, supra, p. 274.)
The commission had a right to accept or reject Mr. Kindt’s explanations for his conduct. As has been stated, in many cases involving laws against discrimination, one who intends to violate a discrimination law is not to be expected to seek or announce his purpose. The court feels and hereby states that the entrapment device used on Mr. Kindt, through the medium of the Robinsons, is offensive to the court’s concept of fair play. However, the court is aware that ofttimes without resorting to such procedure a charge could never be substantiated under the Law Against Discrimination. .
The petitioners have raised further issues in this proceeding which the court will consider individually. Petitioners state that the testimony of Elaine Clyburn, who investigated the complaint for the commission was received improperly. Section 297 of the Executive Law mandates that, “ The members of the Commission and its staff shall not disclose what has transpired in the course of such endeavors ”. The preceding sentence empowers the commission and the commission’s staff to investigate complaints and to ‘' endeavor ’ ’ to eliminate the unlawful discriminatory practice complained of by conference, conciliation and persuasion. The court is of the opinion that the word ' endeavors ’ ’ in the first-entitled sentence refers to conference, conciliation and persuasion and not the facts as the investigator found them. If it were otherwise, the commission’s power to investigate and pass upon complaint, with which it is charged by statute, would be rendered largely ineffectual.
The court also is impressed by the quoted comments from the Report of the New York State Temporary Commission Against Discrimination (N. Y. Legis. Doc., 1945, No. 6, p. 32), which was included in the brief on this proceeding submitted on behalf of the Commission for Human Rights. The petitioners also attack the proceedings before the commission on the *899 grounds that the Hearing Commissioner usurped the function of the commission’s counsel and “became themselves prosecutors ”. In the court’s opinion, an examination of the minutes does not sustain this challenge. That the Commissioner had a right to question the witness is amply borne out by quoted authorities submitted in Commissioner’s brief.
The petitioners also attack the proceeding in that the Commissioner rejected certain material evidence offered by the petitioners. A reading of the minutes, in the court’s opinion, does not bear out this allegation. The court agrees with the commission that the relevancy to the issues of the two photographs of Mr. Kindt’s relatives is at best tenuous. The court further does not feel that the respondent, Henry Kindt, was not allowed to testify fully and adequately concerning all material matters.
Finally and lastly, the petitioners attack the order of the commission in that the order attempts to extend not only to the premises involved in the complaint but also to any other accommodations owned or controlled by the petitioners within the coverage of the law of discrimination. It is claimed this order exceeds the reasonable authority of the commission. In this contention the court agrees. This complaint referred to an apartment, at No. 1201 Madison Street, Syracuse, New York. Until complaints are filed against the petitioners concerning other property which they own, the court does not feel that they should be subject to an order that is so extensive and inclusive. Further, petitioners challenge the second ordering paragraph of the commission’s order, which provides as follows: “ (d) Maintain and make available for inspection by the Commission or its representatives, for a period of one year from the date of this order, at such times during regular business hours as the Commission requests, records with respect to any housing accommodations which now or hereafter are owned or controlled by the respondents, or either of them, and which are subject to the Law Against Discrimination containing the following information: (1) The total number of apartments rented; the total number of apartments vacant; and, as to each vacant apartment, the number of rooms and the requested rental. (2) The names and addresses of all persons who have applied for apartments. (3) The names and addresses of all applicants who have been accepted, and the names and addresses of all applicants who have been rejected, specifying as to each person accepted, the designation of the apartment, the number of rooms and the rental; and specifying, as to each person rejected the reason for rejections.”
*900 The court determines that this ordering paragraph would subject the petitioners to undue hardship and is totally unnecessary. The motion of petitioners to set aside and annul the determination of the commission and for dismissal of the complaint is denied. The cross motion of the commission to enforce its order of March 4 is granted with the exception of the items mentioned in this decision.