James J. Crisona, J.
This is a special proceeding brought pursuant to section 298 of the Executive Law to vacate an order of the respondent, State Commission for Human Bights (hereinafter referred to as the “ Commission ”), dated September 23, 1966. Bespondent has cross-petitioned pursuant to the same section to enforce its order.
This action is based on a complaint filed with the Commission by Mary I. Harper in which she alleged that the petitioners refused to rent or lease an apartment to her because she was a Negro. After a hearing, the Commissioners found that she had been discriminated against. (Executive Law, § 296, subd. 5, par. [a], cl. [1].) It should be noted that this court finds no merit to petitioners’ objections to the manner in which the hearing was conducted.
Petitioners contend that many of the Commission’s findings of fact have no basis in the record. The complainant attempted to prove that racial discrimination was the sole cause of her failure to secure an apartment, by eliciting testimony designed to show the comparison between the treatment accorded to a white “checker” posing as a prospective tenant and that accorded to her. The testimony taken before the Commissioners totals some 400 pages. It is the opinion of this court that, based *22 on the whole record, the findings of the Commission are supported by sufficient evidence and thus are conclusive. (Executive Law, § 298; Matter of Holland v. Edwards, 307 N. Y. 38; Matter of Kindt v. State Comm. for Human Rights, 44 Misc 2d 896, mod. 23 A D 2d 809, affd. 16 N Y 2d 1001; Matter of Cooney v. Katzen, 41 Misc 2d 236.) Moreover, since the credibility of witnesses and subtleties of conduct are important factors in cases of this nature, this court will not attempt to substitute its judgment for that of the hearing Commissioners. (O’Neill v. State Comm. for Human Rights, N. Y. L. J., Aug. 16, 1966, p. 8, col. 7.)
Petitioners further challenge certain of the Commission’s directives. Since the Commission has great latitude in its choice of remedy, the courts will generally not interfere unless the remedy has no reasonable relation to the discriminatory practices found to exist or unless it exceeds the reasonable authority of the Commission. (Executive Law, § 297, subd. 2, par. c; Matter of Holland v. Edwards, supra; Matter of Kindt v. State Comm. for Human Rights, supra.) Petitioners specifically object to the extension of the Commission’s directives to other premises which were partially owned by petitioners Joseph Straight and Jane D. Kulick, to wit, 202-02 and 202-18 43rd Avenue, Bayside, New York. Although the complaint dealt only with an apartment at 202-10 43rd Avenue, Bayside, the Commission found a general policy of discrimination against Negroes in the rental of apartments in all three buildings. Thus the Commission’s order is proper. (Matter of Ranadazzo v. State Comm. for Human Rights, 24 A D 2d 1019.)
The order of the Commission further directs that the complainant be offered the next vacant apartment of three or more rooms and that the terms of the offer include a 11 written lease of one, two or three years, at the option of the complainant”. There is no evidence to indicate that petitioners ever executed a lease for less than two years or were in the habit of offering such a lease. It is the opinion of this court that the imposition of a one-year lease would impose an undue hardship upon the petitioners, since maximum rentals in rent-controlled apartments can be increased only upon the execution of a lease for a minimum period of two years. (New York City Rent, Eviction and Rehabilitation Regulations, § 33.2.)
Accordingly, the petition is granted to the extent of deleting the word “ one ” in paragraph “ a ” of the Commission’s order, and in all other respects the petition is denied. The cross petition is granted with the exception of the item mentioned above.