In the Matter of STATE COMMISSION FOR HUMAN RIGHTS, Petitioner, *v.* SARY LIEBER et al., Respondents.

Supreme Court, Special Term, Queens County, February 23, 1967.

*Henry Spitz* for petitioner.

HAROLD TESSLER, J. Motion by petitioner "for an order pursuant to Section 298 of the Law Against Discrimination (Executive Law, Article 15) enforcing in full an order of the Commission dated September 23, 1966".

The respondents appeared in person on the return day of this motion. They were afforded an opportunity by the court to submit opposing affidavits, but nothing has been received from either of them to this date.

The proceeding before the commission is based on a complaint of one Mary I. Harper, who charged respondents with

discriminating against her by their refusal to lease an apartment to her because of her color. After a hearing, the commission found that the complaint was justified and that the respondent, Sary Lieber, aided and abetted by respondent Elizabeth Bucsko (the wife of the superintendent Rudolph Bucsko) had in fact discriminated against the complainant by refusing to rent or lease apartments 3-B and 4-B in 202-01 43rd Avenue and apartment 3-D in premises 202-09 43rd Avenue, Bayside, Queens.

A review of the entire record of the hearings and of the proceedings before the commission discloses sufficient evidence to support its finding and determination. (*Matter of Holland* v. *Edwards,* 307 N. Y. 38; *Matter of Kindt* v. *State Comm. for Human Rights,* 44 Misc 2d 896, mod. 23 A D 2d 809, affd. 16 N Y 2d 1001.)

The commission seeks a judgment from this court enforcing all of the provisions in the commission's order dated September 23, 1966 on the ground they are appropriate and properly designed to correct the respondents' discriminatory practices. Paragraph A (2)a directs respondent Lieber to write a letter of apology to the complainant and, in addition, '' to notify her of, and to rent to her  *  *  *  the first available 3-room vacancy ''. It appears that the complainant in this proceeding presently resides at 206-56 45th Road, Bayside, and has no present need for housing accommodations; that she is a '' checker '' or '' tester '' who regularly seeks to '' rent '' or '' lease '' such housing accommodations as are being publicly offered for rental, which activity apparently is part of the commission's enforcement program.

In *Matter of Lawrence Gardens, Inc.* (Index #9111/66, cited by the commission in its memorandum submitted herein) a judgment was entered in this court on December 22, 1966, the provision of which, among others, directs that the respondents in said proceeding notify this same complainant, Mary I. Harper '' in writing of the next vacant apartment of three or more rooms at any of the aforesaid premises, (202-02, 202-10 or 202-18 43rd Avenue Bayside)  *  *  *  offer in writing to rent it to her  *  *  *  the terms of said offer shall include a written lease of two or three years, at the option of Mary I. Harper ''.

In view of complainant's status and activity as a '' checker '' and the existing directive described above, it is the court's opinion that the direction of an apology and a repetitive inclusion of offering all future vacancies under all of the circumstances here present are neither appropriate nor desirable.

The indicated apology is nothing more than a useless, vain and meaningless gesture. The sought directive to offer this same complainant any future vacancy that may arise would accomplish nothing more than harassment and the creation of a useless and needless burden on the respondents.

The motion is granted except as to the modification indicated above, viz., the deletion of paragraph A(2)a.