Harold Tessler, J.
Motion by petitioner for an order 11 granting leave to reargue petitioner’s motion for an order pursuant to Section 298 of the Law against Discrimination (Executive Law, Article 15) enforcing in full an order of the Commission dated September 23, 1966 ”. (52 Misc 2d 1079.)
It is noted that petitioner’s moving affidavit takes issue with the court’s characterization of the complainant as a “ checker ” or “ tester ” (52 Misc 2d 1079, 1080) and urges that the complainant “ wants an apartment for herself ’ ’ in good faith. However, nowhere does the petitioner mention that portion of the court’s memorandum decision dated February 23, 1967 which makes reference to the previous judgment entered December 22, 1966 in Matter of Laivrence Gardens v. State Comm, for Human Rights (53 Misc 2d 20) wherein the latter landlord is directed to notify of and lease to the same complainant “ the next vacant apartment of three or more rooms at any of the * * * premises, (202-02, 202-10 or 202-18 43rd Avenue Bayside) ”.
It appears illogical and unreasonable to permit, this complainant or any other similarly situated to end up with numerous housing accommodations decreed for her use by various judgments— depending, of course, on the extent of complainant’s activities. In the court’s opinion, it is both sensible and realistic that the commission give some serious thought and consideration to what may well be a strange and illegal state of preferment.
*710 As noted in the second paragraph of the court’s memorandum decision of February 23, 1967, the1 respondents appeared on the return day of the original motion and, as stated in respondent Sary Lieber’s opposing affidavit on the instant motion, the court was orally advised of the respondent’s claim that she never actually received notice of the hearing dates and more particularly the final hearing date — and that, in effect, the petitioner’s order of September 23, 1966 was entered on default. I did then comment on the lack of a meaningful notice and, further, did indicate that I would be most reluctant to give enforcement to an order of this type entered on default. However, as indicated in the memorandum decision, the respondents were directed to submit formal affidavits in opposition. Nothing was submitted, in view of which no force and effect was given by me to respondents’ oral argument. I am still of the opinion that respondents were not given proper notice of a hearing and were not afforded a proper and adequate opportunity to be heard before the commission.
Accordingly, and upon all of the papers before me on the instant motion for re argument, including the record of the proceedings before the commission, leave for reargument is granted and upon such reargument the judgment of September 23, 1966 is vacated and the entire proceedings are remitted to the petitioner for' consideration and the holding of a hearing after notice to the respondents.