Joseph A. Brust, J.
In this article 78 proceeding, petitioner seeks an order reviewing and annulling the determination of the respondent State Commission for Human Rights, finding respondent Pan American World Airways, Inc. not guilty of violation of the New York Law against Discrimination (Executive Law, art. 15, § 290 et seq.). Review of commission findings is provided for by section 298 of the Executive Law, which states, in pertinent part, that on such a review ‘ ‘ The findings of the commission as to the facts shall he conclusive if supported by sufficient evidence on the record considered as a whole.” Despite petitioner’s counsel’s arguments the determination attacked must be viewed within the frame of reference fixed by statute, and the entire record reviewed in this light.
In his complaint, petitioner urged that the rejection by the respondent airline of his application for employment, after he passed the written qualifying test therefor was the result of discriminatory practices. A review of said respondent’s employment records with reference to those performing the same skilled work for which petitioner applied does not furnish any basis for a determination that said respondent adheres to a pattern of discrimination.
Scrutiny of the record also reveals evidence to support the respondent commission’s finding as to the treatment of petitioner’s individual application. That the respondent airline’s representative utilized subjective standards in recommending rejection of petitioner’s application, and that racial factors might have played a part in his arriving at that judgment do not constitute a basis for overturning the respondent commis *777 sion’s finding where, as here, a review of the entire record discloses other, nonracially motivated basis which, it is equally possible, might have led to the same conclusion. As stated by the court in Matter of Stork Rest. v. Boland (282 N. Y. 256, 267): “Where there is conflict in the testimony produced before the Board, where reasonable men might differ as to whether the testimony of one witness should be accepted or the testimony of another witness be rejected, where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the Board. The courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists.” and, as stated in Matter of Lawrence Gardens v. State Com. for Human Rights (53 Misc 2d 20, 22): “ Moreover, since the credibility of witnesses and subtleties of conduct are important factors in cases of this nature, this court will not attempt to substitute its judgment for that of the hearing Commissioners.” The inaccuracies and omissions in petitioner’s employment application, alone, constituted a sufficient basis for the exercise of the airline’s representative’s judgment; and for the respondent commission’s finding that that judgment was not violative of the law.
The petition is denied and dismissed.