Jack Stanislaw, J.
Petitioner is a Commissioner of the State Commission for Human Bights (hereinafter “ Commission ”). Bespondents are the owner, the managing agent and the superintendent of a garden apartment complex located in Bay Shore, Suffolk County, New York. The complainant, on whose behalf the proceeding is brought, is a young Negro woman, desirous of renting an apartment at respondents’ premises. In a complaint filed by her with the Commission on April 29, 1968, respondents are charged with unlawful discriminatory practice in that they refused to rent housing accommodations to complainant because of her color.
The complaint filed with the Commission states: (1) that on April 16, 1968, she saw respondents’ newspaper advertisement for a three-bedroom apartment at a rental of $120 per month; *505 (2) that she spoke to respondent Callan by telephone, and told him she was interested in renting the apartment for herself and her seven-month-old daughter, that her husband is currently serving in the IT. S. Army in Vietnam and that her monthly income from her husband’s allotment and his own earnings amount to almost $300 per month; (3) that he advised her to come to respondents’ office and fill out an application; and (4) that when she appeared in person she was told that the owners would reject her application because she is a single woman.
The preliminary investigation report of the Commission indicates, that when interviewed, respondents claimed: (1) that they refused to furnish complainant with an application because she is not presently residing with her husband and does not qualify financially; (2) that they have rented other apartments at the premises to Negro tenants; and (3) that their refusal was not based upon race, color, creed or national origin. In opposition to the motion, respondents state that their primary concern in considering prospective tenants is financial ability to pay the rent and past credit reputation; that their policy is to rent only to couples living together or to elderly or retired people, whose weekly income is equivalent to one month’s rental; that complainant’s monthly income is only $130, any additional sum sent by her husband is speculative, and her present part-time employment is only temporary; and, further, that plaintiff is a minor whose legal obligation under a lease agreement is questionable.
The Commission has not yet made its final report, but until such final determination of the proceeding presently pending before the Commission, petitioner seeks an order enjoining respondents from selling, renting, leasing or otherwise disposing of the next available three-room apartment at their premises to anyone other than complainant and, if the Commission’s final determination orders respondents to offer to rent said housing accommodation to complainant, until compliance with such order.
Pursuant to subdivision 4 of section 297 of the Executive Law the court is authorized to grant such discretionary relief, upon such appropriate terms and conditions ‘ ‘ if the court deems it necessary to prevent respondents from rendering ineffectual a commission order relating to the subject matter of the complaint ’’. The statute further provides: “In the event that the complaint is dismissed by final order of the commission or a court, the respondent shall be entitled to such remedies as are prescribed in section twenty-five hundred *506 twelve of the civil practice law and rules.” Under CPLR 2512, a State, domestic or muncipal corporation, or a public officer .thereof, may be liable for damages sustained by an aggrieved party, in an amount which shall be fixed by the court in all matters which would require an undertaking by a private party.
Thus, if the requested relief is granted, the court would be authorized, if not required, to fix an amount for which petitioner would be liable to respondents for damages incurred during the period of the temporary injunction, if the complaint is ultimately dismissed. No appropriate amount for that purpose is suggested. Nor can the court determine the extent of respondents’ prospective damages if precluded from renting all vacant three-room apartments at their premises, as well as those that may hereafter become vacant, until a final report is rendered by the Commission. There is no indication when the pending proceeding will be terminated. But until then, respondents may be deprived of substantial rental income and yet be required to continue to pay taxes, mortgage charges, maintenance fees, etc. Moreover, if an order for a temporary injunction is granted, respondents may suffer irreparable damage to their good will and reputation in the community. Such an order would imply a finding that respondents have not only violated State and Federal law against discrimination but the “ fundamental American doctrine of equality of persons regardless of race, color or creed ” (Matter of State Comm. for Human Rights v. Harvey Props., 50 Misc 2d 672, 676). The papers before us, however, are totally devoid of information sufficient to support the probability of such finding.
The investigator’s statement that “ there is probable cause to credit the allegations in the complaint ” is not supported by evidentiary facts. The allegations of the supporting affidavits are not only self-serving and conclusory, but in sharp conflict with the facts alleged in the answering affidavits. Clearly, petitioner has failed to meet the burden of establishing a clear legal right to the drastic remedy of injunctive relief (Town of Southeast v. Gonnella, 26 A D 2d 550, motion dsmd. 18 N Y 2d 727; Pine Hill-Kingston Bus Corp. v. Davis, 225 App. Div. 182).
The manifest purpose and intent of the law against discrimination is to provide equal protection for all people of this State, regardless of race, color, creed, or national origin. Respondents have as much right to that protection as any other segment of our community. There is no law which requires a landlord to rent housing accommodations to persons of questionable *507 financial means. As noted by Steuer, J. in Martin v. City of New York (22 Misc 2d 389, 390) (denying a motion which attacked the constitutionality of a local civil rights housing ordinance): “Just because a man is a Negro he is not, ipso facto, a desirable tenant. But the statute does not say that. It says the converse — because a man is Negro he is not, ipso facto, an undesirable tenant. ” It has not yet been determined by the Commission that respondents have violated that aspect of the law.
The court is most sympathetic to the circumstances of the complainant, but the relief requested should not be granted solely because she is Negro. Moreover, there is no showing that the Commission’s order will be rendered ineffective if the temporary injunction is not granted. The motion is denied, but without prejudice to a renewal, following a final determination by the Commission.