■ STATE COMMISSION FOR HUMAN RIGHTS, Complainant, v. DOROTHY PERKINS et al., Respondents.— The first decretal paragraph of the order is stricken as academic in view of the representation by the commission that the superintendent of the building has left the employ of the respondents and the further fact that this decretal paragraph is in any event entirely too sweeping. (See *Matter of Kindt* v. *State Comm. for Human Rights,* 44 Misc

2d 896, mod. on other grounds 23 A D 2d 809, affd. 16 N Y 2d 1001.) Given the presumption of constitutionality (see *Commission Human Rights* v. *Kennelly*, 30 A D 2d 310, 315; and compare Labor Law, § 706, subd. 3, also *New York State Labor Relations Bd.* v. *Westchester Movers*, 285 App. Div. 1084, app. dsmd. 2 N Y 2d 856), concerning which no issue has been raised by respondents, who have taken no appeal from the order of the State Commission For Human Rights, predecessor of the State Division For Human Rights, and have defaulted in the making of any opposition to the enforcement of that order, after due and proper notice, now sought in this court by the commission, pursuant to the provisions of section 298 of the Executive Law (as amd. by L. 1968, ch. 958, eff. July 1, 1968) it is found that there is sufficient evidence on the record as to justify the findings of fact in support of the second decretal paragraph of the order directing the payment of the sum of $495.74 compensatory damages and back pay on the basis of the computation set forth therein; and the motion for an enforcement order is granted to the extent of enforcing the provisions of this second decretal paragraph, without costs and without disbursements. Settle order on notice. Concur — Eager, J. P., Capozzoli, McGivern, Markewich and Nunez, JJ.