In the Matter of PAULINE MOSKAL et al., Petitioners, v. STATE OF NEW YORK, EXECUTIVE DEPARTMENT, DIVISION OF HUMAN RIGHTS, on Complaint of PRISCILLA WILLIAMS, Respondent.

Fourth Department, February 18, 1971.

*John G. Kimball* for petitioners.

*Henry Spitz* (*Herbert Rosenstein* and *Alan J. Saks* of counsel), for respondent.

*Per Curiam.* Complainant, Priscilla Williams, a Negro, filed a complaint against petitioners herein because of their failure to rent one of their vacant apartments to her. After a hearing ordered by the State Division of Human Rights the Commissioner made an order requiring these petitioners to cease and desist from refusing to sell or rent to any person because of race, creed or national origin and from inquiring of prospective purchasers or tenants concerning their race, creed or national origin. He further ordered these petitioners to take the following affirmative actions to wit,

1. Pay claimant $300 damages within 30 days of the order,
2. With respect to all of their housing accommodations now

*or hereafter owned or controlled by them,* that they apply the same standards, terms and conditions regardless of race, creed or national origin of applicants,

3. For a period of two years from said order:

a. That they notify complainant in writing of the next available vacancy in the premises just denied to her, at the stated rental, or offer to her similar other premises, and allow her at least four business days in which to accept the offer,

b. That they notify the State Division of Human Rights of any available housing accommodations now *or hereafter owned or controlled by these petitioners,* after giving complainant first opportunity of acceptance, and allow the division or its designee at least four business days to refer the same to interested applicants, who shall be considered "without regard to any waiting list of other applicants",

c. That they maintain a list of all applicants for housing accommodations now or hereafter owned or controlled by them, and in case of rejection, the reason therefor, and

d. That they make available to the State Division of Human Rights such documents and information as may be necessary for it to ascertain whether there has been compliance with this order.

The division duly served copies of said order upon petitioners together with notice of their right under sections 297-a and 298 of the State Human Rights Law (Executive Law) to appeal to the State Human Rights Appeal Board within 15 days of such service. Petitioners did not appeal to that board. Instead, they petitioned to this court for review of the order. In response, the division has moved to dismiss the petition on the ground that this court lacks jurisdiction thereof, since petitioners have failed to exhaust their administrative remedy of appeal to the Appeal Board. The division also cross petitions for an order of this court enforcing its order.

Since the amendment of the Human Rights Law in 1968 (L. 1968, ch. 958, §§ 7 and 8, enacting sections 297-a and 298 of the Executive Law) creating the Appeal Board, the scheme of the statute has been to require a person aggrieved by an order of the division to appeal to the Appeal Board. Section 298 thereof provides that a person aggrieved " by any order of the *board* [Appeal Board] may obtain judicial review thereof, and the division may obtain an order of court for its enforcement and for the enforcement of any order of the commissioner which has not been appealed to the board " (emphasis added). Accordingly, petitioners' application for review by this court of the division's order may not be entertained, and the motion

of the division to dismiss it is granted, with respect to its status as a petition (see *Matter of State Division of Human Rights* v. *Merante,* 35 A D 2d 652 and *Ernsteins* v. *State Division of Human Rights,* 35 A D 2d 599). However, we further hold that said petition may be treated as petitioners' answer in our consideration of the cross petition (*Ernsteins* v. *State Division of Human Rights, supra;* Executive Law, § 298).

With respect to the merits of the order of the Commissioner, petitioners' contention that the order is void for failure of the division to act precisely within the time periods specified in paragraphs a and c of subdivision 4 of section 297 of the Executive Law, is without merit. Those provisions are directory, not mandatory (*Matter of Hempstead Volunteer Fire Dept.* v. *State Division of Human Rights,* 35 A D 2d 601; see, also, *Matter of Glen Cove Municipal Civil Serv. Comm.* v. *Glen Cove NAACP,* 34 A D 2d 956; *Matter of Rochester Gas & Elec. Corp.* v. *Maltbie,* 272 App. Div. 162).

Petitioners' assertion that the order of the Commissioner was founded on insufficient evidence is likewise without merit. The statute (Executive Law, § 298) expressly provides that the findings of fact of the division " shall be conclusive if supported by sufficient evidence on the record considered as a whole ". Substantial evidence to support the division's findings is sufficient and precludes this court from holding to the contrary (*Matter of Kindt* v. *State Comm. for Human Rights,* 44 Misc 2d 896, mod. on other grounds 23 A D 2d 809, affd. 16 N Y 2d 1001; and *Matter of Holland* v. *Edwards,* 307 N. Y. 38). The finding that petitioners discriminated against complainant herein is amply supported by the record.

The division is, therefore, entitled to an order of enforcement of its order except in such respects as the order may be found to lack evidential support or to be contrary to law.

The provision awarding $300 damages to the complainant is not supported by any evidence of actual damage sustained by her (see *Matter of Chance* v. *Frank's Beauty Salon,* 35 A D 2d 304). Since the division is not empowered to make an award as a penalty, this provision must be excised (see *Ernsteins* v. *State Division of Human Rights,* 35 A D 2d 599, *supra; Matter of State Division of Human Rights* v. *Luppino,* 35 A D 2d 107).

The provision requiring the petitioners to apply the same rental standards to all applicants with respect to all their housing accommodations now or henceforth owned or controlled by them is too broad, and it must be stricken (*Center Management Co.* v. *State Division of Human Rights,* 27 N Y 2d 914; *Matter*

*of Kindt* v. *State Comm. for Human Rights,* 44 Misc 2d 896, mod. on other grounds 23 A D 2d 809, affd. 16 N Y 2d 1001, *supra;* cf. *Scorcia* v. *State Division of Human Rights,* 27 N Y 2d 912).

With respect to the provision that for two years after the order becomes final petitioners shall notify complainant of the next available vacancy at the subject premises or of a similar vacancy in any other premises owned or controlled by petitioners and shall hold the same open for complainant for four business days, complainant has submitted her affidavit setting forth only that she has not been offered an apartment by petitioners. This does not constitute an assertion that petitioners have disobeyed the order, because it is not claimed that since the order was made there has been a vacancy in petitioners' premises of which complainant was entitled to notice. The cross motion for enforcement of this provision must, therefore, be denied without prejudice to the right of the division to renew the application in this respect upon a proper showing (*Matter of State Division of Human Rights* v. *Richard L. Kidder, Inc.,* 34 A D 2d 1102).

The foregoing provision and the further provision of the order that after notifying complainant of a vacancy petitioners must also notify the division or its designee thereof and in each case keep the offer of tenancy open for at least four business days during which time complainant or other referred applicants shall be granted preference and the vacancy shall, in effect, be denied to all other applicants pending consideration of persons referred to petitioners by the division or its designee, are void as violating the general provisions of the law, and the State's public policy to assure every individual equal opportunity in respect of housing (*Center Management Co.* v. *State Division of Human Rights,* 27 N Y 2d 914; *Matter of State Division of Human Rights* v. *Glick,* 35 A D 2d 738; *Malcolm Cornell, Inc.* v. *State Division of Human Rights,* 35 A D 2d 730; *Matter of Miles* v. *State Division of Human Rights,* 35 A D 2d 673). For this reason, insofar as they require petitioners to give preference to the complainant and other referred applicants during that time, such provision must be stricken as unenforceable (*Center Management Co.* v. *State Division of Human Rights, supra*).

The provisions of the order requiring petitioners to maintain a list of all applicants, and in case of rejections, the reasons therefor, and to make their records and information available to the division to aid it in determining whether there has been compliance with this order are proper and enforceable (*Matter*

*of Kindt* v. *State Comm. for Human Rights,* 23 A D 2d 809, affd. 16 N Y 2d 1001, *supra*).

The division is, therefore, entitled to an order of this court enforcing its order except as modified and limited in accordance with this opinion.

GOLDMAN, P. J., MARSH, WITMER, GABRIELLI and HENRY, JJ., concur.

Motion to dismiss petition of Moskal and Husak unanimously granted and enforcement order granted in accordance with the *Per Curiam* opinion herein, all without costs.