■ In the Matter of NEW YORK STOCK EXCHANGE, INC., et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination of State Human Rights Appeal Board, dated May 21, 1971, and the order of the Commissioner of the State Division of Human Rights dated July 2, 1970 determining that petitioner had violated section 296 of the Human Rights Law (Executive Law, art. 15) in its refusal to employ complainant, unanimously annulled, on the law, without costs and without disbursements, and vacated, and the complaint dismissed. Collin Stephen filed a complaint against the New York Stock Exchange and two of its employees, charging them with unlawful discriminatory action in that they refused him employment because he was black. After a hearing before the New York State Division of Human Rights the allegations relating to Howard Slepian and the New York Stock Exchange were sustained and dismissed as to David Anderson. The board also directed that the New York Stock Exchange pay $500 in damages to Stephen, and further directed the Exchange to carry out a plan to increase employment to members of minority groups which shall maximize equal employment and insure nondiscriminatory treatment for all applicants. The Exchange was also directed to hire Collin Stephen and to make available to the duly authorized representatives of the State Division of Human Rights such information and documents as may be necessary for said commission to ascertain

whether the order is being complied with. Thereafter the order was appealed to the Human Rights Appeal Board which affirmed the order with the exception of the $500 damages. Collin Stephen was interviewed for the position of committee reporter (stenotypist) in accordance with the procedure used by the New York Stock Exchange. This necessitated an interview first by David Anderson, a trained personnel specialist, and then, if he seemed to be qualified, by the head of the department to which the applicant was applying (Howard Slepian). Anderson was sufficiently impressed with Stephen after a 45-minute interview to refer him to Slepian. Slepian interviewed the applicant for an hour and thirty minutes. As a result of his interview with Stephen, Slepian had reservations as to the applicant's qualifications and trustworthiness. These reservations were upon further investigation demonstrated to be not without merit, for it developed that Stephen had been less than candid with his interviewers. This included complainant's prior work record where he told Slepian he was an employee of Interstate Reporting Service for 15 years when in fact he was its principal. His prior experience as a free-lance reporter, his low earnings, and his health, the inaccurate answers to his application, and the impression he created at his interview with Slepian do not support an inference or a finding of discrimination. Where there is no evidence of discrimination and the employment application contains misstatements of fact which form the basis of rejection of the application for employment there can be no finding of discrimination. (*Grant* v. *State Comm. of Human Rights*, 54 Misc 2d 775.) Under the circumstances, the board's findings of discrimination are not supported by sufficient evidence. Further, there is nothing in the record to suggest that the employment policy of the Exchange is discriminatory. In fact, the complaint against Anderson, the personnel department representative and the person responsible for implementing the Exchange's employment practices and who made the final decision not to hire the complainant, was dismissed. It necessarily follows that the provisions of the order which required the Exchange to implement various employment practices and procedures to purportedly correct some undefined discriminatory practices or procedures are also without basis in fact. Concur — McGivern, J. P., Markewich, Murphy, Steuer and Tilzer, JJ.