■ LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, Respondent, v. MICROTRAN COMPANY, INC., Petitioner.— In this proceeding pursuant to section 298 of the Executive Law to annul an order of the State Human Rights Appeal Board, dated April 29, 1971, which (1) reversed an order of the State Division of Human Rights, dated August

12, 1970, dismissing the complaint in question, and (2) remanded the matter to the Division for further action. Order of the Appeal Board annulled, on the law, and order of the Division reinstated and confirmed, without costs. In our opinion, the papers substantiate the conclusion that the determination of the Division of Human Rights was supported by substantial evidence on the whole record and sustain the Division's finding that payment by petitioner, Microtran Company, Inc., of a greater salary to its employee Stanley Goldstein than that paid to its employee Fitz Squires was not motivated by racial prejudice and unlawful discrimination against Squires. The Division's determination was likewise not arbitrary, capricious or characterized by abuse of discretion (Executive Law, § 297-a, subd. 7, pars. d, e). Accordingly, the Appeal Board had no basis upon which to decide that there was racial prejudice and unlawful discrimination as charged (cf. *Matter of Stork Rest.* v. *Boland,* 282 N. Y. 256; *Matter of Grant* v. *State Comm. for Human Rights,* 54 Misc 2d 775, affd. 31 A D 2d 889; *Matter of Lawrence Gardens* v. *State Comm. for Human Rights,* 53 Misc 2d 20, 22, affd. *sub nom. Matter of State Comm. for Human Rights* v. *Lawrence Gardens,* 28 A D 2d 1139). Under the circumstances, the Appeal Board's order was, therefore, susceptible of review and vacatur in this court (cf. *Wyckoff Hgts. Hosp.* v. *State Div. of Human Rights,* 38 A D 2d 596). Respondent's point, in his brief, seeking dismissal of the petition because of nonjoinder of the State Human Rights Appeal Board as a party respondent, is, in effect, a reargument without permission of a motion previously made by respondent in this court on October 1, 1971 and denied on October 8, 1971. For that reason, and moreover for the other reasons stated in the affidavit and exhibit submitted in opposition to said prior motion, this point is rejected. In this connection it is furthermore noted, as pointed out on the submission of said prior motion, that General Counsel for the State Division of Human Rights by letter dated September 3, 1971 had informed this court and all counsel appearing in this proceeding that the Attorney-General of the State of New York would appear and represent the complainant in this proceeding. The Attorney-General has appeared and filed a brief in support of the order under review, as aforesaid. Hopkins, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.