■ State Division of Human Rights, Respondent, v Crouse-Irving Memorial Hospital, Petitioner.—Determination and order unanimously confirmed, without costs. Memorandum: Complainant worked for petitioner hospital from July, 1970 until February 15, 1973, the day on which she gave birth to her child. Her period of disability from childbirth was determined by her physician to be six weeks. Although complainant had accrued paid sick leave, she was not permitted to apply this against her postpartum-related absence; but was instead placed immediately on unpaid maternity leave. Although petitioner advised her that she would not be eligible for disability payments for any period during which she might be disabled by pregnancy or childbirth, she nonetheless applied for such benefits. After complainant was informed by petitioner's Workmen's Compensation carrier

that she was not entitled to disability benefits, she filed a complaint with the State Division of Human Rights. Complainant alleged that, by failing to allow her accrued sick leave and disability benefits for any portion of the time that she was temporarily disabled from work by reason of her pregnancy to the same extent it provides such paid sick leave and disability benefits to other employees for nonpregnancy-connected disabilities, petitioner was unlawfully discriminating against complainant because of her sex in the terms, conditions and privileges of her employment. After an investigation of the complaint, the Commissioner of the State Division of Human Rights ordered the petitioner to cease and desist from such discrimination; to pay complainant her accrued sick leave benefits and disability benefits for her period of disability; to provided accrued sick leave benefits and disability benefits for the maternity-related disabilities of employees to the same extent that such benefits are provided by petitioner for other nonoccupational disabilities; to instruct its supervisory personnel and recognized unions that petitioner has a policy of nondiscrimination as to sex in the treatment of employees; to require such personnel and unions to give effect to that policy; and to make available to the division documents and information necessary to ascertain compliance. This order was affirmed by the State Human Rights Appeal Board. That the Commissioner was correct, in determining that section 296 (subd 1, par [a]) of the Executive Law mandates that petitioner permit complainant to apply her accrued paid sick leave against her maternity-related absence, is evident from the recent decision in *Union Free School Dist No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.* (35 NY2d 371). The question of whether petitioner must compensate maternity-related disability just as it compensates other nonoccupational disabilities is more difficult in view of the express statutory authorization for such an exclusion in subdivision 3 of section 205 of the Workmen's Compensation Law. We feel, however, that a recognition of the continuing validity of this section of the Workmen's Compensation Law would sufficiently frustrate and impede the intended reforms meant to be accomplished by the later amendment to section 296 (subd 1, par [a]) of the Executive Law (whereby discrimination on the basis of sex became unlawful) as to work an implied repeal of this section of the statute. In so holding, we are not unmindful of other principles of statutory construction which seemingly militate against such a result. We accordingly find that the Commissioner acted within his powers in ordering petitioner to pay disability benefits for pregnancy-related disability just as it pays such benefits for other nonoccupational disabilities. The Commissioner's findings of discrimination with regard to both sick leave and disability benefits were based on sufficient evidence on the record considered as a whole. (Proceeding pursuant to Executive Law, § 298 to annul determination granting payment of disability benefits.) Present—Marsh, P. J., Cardamone, Mahoney, Del Vecchio and Witmer, JJ.