■ STATE DIVISION OF HUMAN RIGHTS, Respondents, v JAMESTOWN TELEPHONE CORPORATION, Petitioner.—Determination unanimously confirmed, with costs. Memorandum: This is a proceeding under section 298 of the Executive Law by Jamestown Telephone Corporation, petitioner, against the New York State Division of Human Rights, Barbara Ellis and Judith M. Newman, respondents, for review and annulment of the determination by the respondent division, dated June 13, 1974, affirmed by the State Human Rights Appeal Board on June 30, 1975 and served on petitioner on January 30, 1976, that petitioner discriminated against respondents Ellis and Newman because of sex, with respect to the terms and conditions of their employment, concerning their maternity leaves and permission to return to work after confinement for childbirth. Petitioner contends that the division erred (1) in finding substantial evidence to support the charges by respondents Ellis and Newman of discrimination against them, (2) in entertaining the charges before respondent women had exhausted their contractual remedies with respect to grievance and arbitration procedures provided for in their collective bargaining agreement, and that we should therefore annul and direct deferment of their complaints to respondent division until they have explored their contractual rights, (3) in failing to comply with the 60-day provision of subdivision 4 of section 297 of the Executive Law, and so the complaints should be dismissed and (4) in holding that petitioner discriminated against respondent women and in ordering petitioner to make monetary payments to them. Petitioner contends (5) that respondent women, Ellis and Newman, respectively declined to continue to work or return to work when authorized, and had no intention of working during

the periods of their pregnancies when they did not work and the division erred in ordering petitioner to pay them back pay. This point, logically is part of petitioner's point (1) above, and we so treat it. The record contains substantial evidence to support the commissioner's findings and conclusions, adopted by the division, that petitioner did in fact discriminate against Ellis and Newman by requiring them to quit work two months before their expected delivery dates and not authorizing their early return to work after delivery; by refusing to permit them to apply their sick leave credits to such absences; and by refusing to continue to pay the premiums on their Blue Cross and Blue Shield insurance coverages; and that said respondents were willing to work and were denied work for the respective periods designated by the commissioner; and so we are concluded on these questions of fact *(State Div. of Human Rights v Columbia Univ., in City of N. Y.,* 39 NY2d 612; Executive Law, § 298). Petitioner's point (2) is without merit in law. Respondents Ellis and Newman were not required to exhaust their contractual remedies under the collective bargaining agreement before seeking relief through the Division of Human Rights *(Matter of Board of Educ. v State Div. of Human Rights,* 38 AD2d 245, 247-248, affd 33 NY2d 946). The contention that the complaints should be dismissed because the division failed to comply with the 60-day provision contained in subdivision 4 of section 297 of the Executive Law is without substance *(Union Free School Dist. No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380-381; *Matter of Moskal v State of New York, Executive Dept., Div. of Human Rights,* 36 AD2d 46). Petitioner's argument that the division erred as a matter of law in determining that petitioner discriminated against respondents Ellis and Newman and in ordering petitioner to make monetary payments to them gives more cause for concern. We recognize that in *American Airlines v State Human Rights Appeal Bd.* (50 AD2d 450) the First Department unanimously so held, and in *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (50 AD2d 381) in a three to two decision the Second Department so held. We, however, had previously held to the contrary in *State Div. of Human Rights v Crouse-Irving Mem. Hosp.* (50 AD2d 1083); and see *Board of Educ. v New York State Div. of Human Rights* (35 NY2d 674, affg 42 AD2d 49, on opinion of Mr. Justice HOPKINS); and *Cleveland Bd. of Educ. v La Fleur* (414 US 632). We see no reason to change our position and we adhere to our ruling in *Crouse-Irving Mem. Hosp. (supra).* (Proceeding pursuant to section 298 of the Executive Law.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.