■ In the Matter of UNITED PARCEL SERVICE, INC., Petitioner. TONY WARD et al., Respondents.—Proceedings pursuant to Executive Law § 298 to review (1) an order of the Commissioner of the New York State Division of Human Rights, dated July 12, 1983, which, *inter alia,* (a) held that complainant suffered from a disability within the meaning of Executive Law § 292 (21) which required him to grow a beard but did not prevent his reasonable performance of the duties of a package delivery driver for United Parcel Service, Inc.

(UPS); (b) ordered UPS to reinstate complainant to his former position as a package driver; (c) awarded complainant compensatory damages based on the difference between what he would have earned as a package driver and what he earned as a porter from March 10, 1980; (d) awarded complainant the sum of $1,000 as damages for humiliation and mental anguish; and (e) ordered petitioner to cease and desist from enforcing its no-beard policy for package drivers as to any such employee who provides medical certification of being afflicted with the same disability as complainant to the extent that he must grow a beard; and (2) an order of the Commissioner dated March 15, 1984, which denied petitioner's motion for a rehearing.

Proceedings dismissed, without costs or disbursements.

Petitioner failed to file timely notices of appeal from the subject orders with the New York State Human Rights Appeals Board pursuant to Executive Law former § 297-a (6) (c), which was in effect at the time the orders were issued. Having failed to do so, petitioner may not seek review of the orders in this court (Executive Law § 298; L 1984, ch 83, § 4; *Matter of Vola v New York State Human Rights Appeal Bd.,* 96 AD2d 513; *Matter of Moskal v State of New York,* 36 AD2d 46, 48-49). Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.