Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

ELMER SPEEDLING, an Infant, by ELMER B. SPEEDLING, His Guardian ad Litem, et al., Appellants, v. ANTHONY PAMPINELLA, Respondent.—

Present — Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ.

In the Matter of SYLVIA TROWBRIDGE, Doing Business as TROWBRIDGE FARM, Respondent, v. BERNARD KATZEN et al., Constituting the State Commission Against Discrimination, Appellants.—

Bergan, P. J., Reynolds and Taylor, JJ., concur; Gibson and Herlihy, JJ., dissent in part, in separate memoranda, and vote to reverse the order, to deny the motion to vacate and to grant the cross motion for an order of enforcement. Gibson, J.: The order appealed from (1) reversed an order of the New York State Commission Against Discrimination directing, among other things, that petitioner-respondent desist from publishing or circulating any advertisement containing the language " Serving Christian Clientele Since 1911 "; and (2) denied a cross motion for an order for the enforcement of the commission's said order. (Executive Law, § 298.) (23 Misc 2d 111.) After a hearing, the commission found that petitioner-respondent was the manager and the agent or employee of a hotel and place of public accommodation and that she mailed to complainant Sachs a brochure advertising it and twice repeating the language above quoted; and found, further, " that said legend ' Serving Christian Clientele Since 1911 ' as used in said brochure

connotes that the patronage or custom of non-Christians at the resort hotel, known as Trowbridge Farm, is unwelcome, objectionable or not acceptable, desired or solicited." An unlawful discriminatory practice (Executive Law, § 296, subd. 2) having thus been found, the commission's order, now before us, followed as of course (Executive Law, § 297). "The findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole" (Executive Law, § 298). In its context (including the juxtapositional statement that "no one is admitted or long accommodated who wouldn't belong in the 'family circle'"), the language complained of was legally susceptible of the connotation and effect accorded it by the commission and the testimony and documentary evidence received by the commission were sufficient to support its factual determination. Indeed, complainant's evidence and that adduced as the result of the commission's investigation stand essentially uncontradicted and, upon the entire record, the inferences drawn cannot be held unreasonable. (*Matter of Holland* v. *Edwards*, 307 N. Y. 38, 44.) Neither before the commission nor here did petitioner-respondent contest the merits. She does urge certain procedural and other objections but these seem to me groundless. Thus, it is of no moment that the alleged corporate lessee was not made a party, as its joinder was in no way necessary and the commission's order was not directed to it. I am unable to find either arbitrary or unreasonable the commission's action in declining to hear oral argument after the case was closed and decision reversed and, in lieu thereof, affording counsel opportunity to file briefs. The "full authority" given to the hearing commissioners "to control the procedure of the hearing" (Rules Governing Practice and Procedure before the State Commission Against Discrimination, § 7, subd. d) was exercised with fairness and restraint, as the record discloses; and the "written summation" which, on account of the absence of oral argument upon the hearing, petitioner submits with her brief, does nothing to weaken that conclusion. There seems to me no merit in the contention that the commission improperly received evidence of the investigation, including conversations with petitioner-respondent, undertaken and completed after the complaint had been received, but before the determination of probable cause had been made and service of notice of the complaint and of hearing directed, all of which was required by the statute (Executive Law, § 297), which also renders inapplicable "the strict rules of evidence"; but, in any event, the statements of the party were, of course, competent evidence against her and, further, there was proof that the alleged violation continued. Herlihy, J.: My vote for reversal is based on more limited grounds. The commission directed a hearing — other means to eliminate the alleged unlawful discriminatory practice being unsuccessful — and on the return date the complainant and an investigator of the commission assigned to this particular case testified. Certain statements alleged to have been made by the petitioner to the investigator remain in the record unrefuted or denied. The petitioner rested without offering any proof. To my way of thinking, these conversations spell out the intent of the language contained in the brochure and form a basis for the finding by the commission of discrimination. Precedent is of little value in such matters and the use, purpose and intent of a practice in one instance may be a ground for discrimination and under different circumstances, perhaps not. For the reasons stated the record presented a fair basis for the finding by the commission. I am in full agreement with Gibson, J., as to the procedural objections.