Vincent A. Lupiano, J.
Plaintiff moves for summary judgment. Defendants, also, seek summary judgment dismissing the complaint under subdivision (b) of rule 3212 of the Civil Practice Law and Buies dispensing with the necessity of a cross motion.
The action arises out of a proceeding pursuant to title X (now tit. D) of chapter 41 of the Administrative Code of the City of New York, also known as the Sharkey-Brown-Isaacs Law, enacted in 1957, which prohibits discrimination and segregation in private housing.
A complaint was made by Alfred B. Bachrach to the Commission on Human Bights (the “ Commission ”) that the defendants herein, 1001 Tenants Corporation, owner of a co-operative apartment building, and Sanford B. Johnson, its president, had discriminated against him as a prospective purchaser of one of the apartments, because of his religion. The matter could not be conciliated — an important consideration of this Commission. To prevent and enjoin discrimination in private housing are other purposes embodied in title X.
*519 A hearing was held at which extensive testimony was taken and certain findings were made in support of the Bachrach complaint. However, the Commission, unlike some administrative agencies, does not have the power to make its own determination or conclusive findings subject, of course, to a judicial review made in the light of the statute, or other law, which governs.
Here, as may be seen by the pertinent statute, the Commission merely directs the Corporation Counsel of the City of New York, after hearings on a complaint, to prosecute an action or proceeding in the Supreme Court “ as may be necessary to obtain such relief and enforcement”. Pertinently, subdivision b of section X41-4.0, in part, reads as follows: “If after such hearings, it shall find that any person named in the complaint has engaged in conduct in violation of section X41-3.0 hereof and that relief of a final and permanent nature is warranted to eliminate and remedy discriminatory practice and to enforce the provisions of this title, it shall direct the corporation counsel to prosecute any action or proceedings in the supreme court as may be necessary to obtain such relief and enforcement.”
The Corporation Counsel instituted this action on behalf of the City of New York (Commission on Human Bights), based on the complaint of Bachrach, after the hearing tribunal “ recommended that the Corporation Counsel be directed, in accordance with Administrative Code Section X41 — 4.0(b) to institute proceedings seeking permanent enforcement of New York City’s Pair Housing Practices Law against these respondents ”. Herein, plaintiff prays for a judgment permanently enjoining and restraining defendant 1001 Tenants Corporation and defendant Johnson, individually, from engaging in discrimination because of race, color, religion, or national origin against any person who is, or in the future may be, a prospective purchaser of an apartment owned by the defendant corporation at 1001 Park Avenue.
The complainant, Bachrach, no longer seeks to purchase the instant apartment and his disinterest is separately urged by the defendants as a ground for dismissal of this action.
The plaintiff has moved for summary judgment, contending that the sole function of the Supreme Court is to determine whether the Commission’s findings are supported by substantial evidence in the record. In support thereof, it urges and likens our situation to that in Matter of Holland v. Edwards (307 N. Y. 38); however, that case is not apposite. There, the State Commission against Discrimination initiated a proceeding to *520 compel compliance with its administrative order forbidding an employment agency from pursuing an unlawful discriminatory employment practice. The Court of Appeals noted that judicial review of findings made by an administrative agency such as that Commission was, of course, limited to the question whether, upon the entire record, they were supported by the requisite substantial evidence and were in accordance with the statutory declaration. It was found that they were, and the administrative determination was given judicial enforcement. This decision logically followed the express language of the statute, section 298 of the Executive Law (part of article 15 relating to the State Commission against Discrimination) which provides for judicial review and enforcement of orders of the Commission and declares that “ The findings of the commission as to facts shall be conclusive if supported by sufficient evidence on the record considered as a whole.” Ño comparable provision is contained in title X.
Likewise, other cases urged by the plaintiff holding that administrative determinations become conclusive if based upon substantial evidence, are made so only because the court had before it a statute specifically so providing and with respect to those involving the enforcement of an administrative order, the statute specifically authorized an action for such enforcement (see, for example, Matter of Stork Rest. v. Boland, 282 N. Y. 256; Matter of McCormack v. National City Bank of N. Y., 303 N. Y. 5; Matter of Humphrey v. State Ins. Fund, 298 N. Y. 327).
In effect, the plaintiff argues that a review by this court of the Commission’s findings is limited to that permitted in a proceeding pursuant to article 78 of the Civil Practice Law and Rulés. However, the question of review is not the primary problem here. Legally, the question of sufficiency of evidence is subordinate to the main question of whether the relief sought by the Commission must be tested at a trial in an action or proceeding because the statute involved compels this procedure. Obviously, because of the statute, no administrative order was brought up for review or enforcement; nor has the Commission the power to seek any judicial enforcement based on its own findings, as was bestowed upon the State Commission against Discrimination by the Legislature. It may be well to note further that section 297 of the Executive Law also authorizes that Commission to issue an order “requiring the respondent to cease and desist from such unlawful employment practice and to take such affirmative action * * * as, in the judgment of *521 the commission, will effectuate the purposes of this article Similar authority is not given to this Commission under title X.
If the City Council meant to give the Commission on Human Eights the power to make its own orders or conclusive findings subject only to judicial review before the relief sought could become enforcible in an action or proceeding, appropriate and clear language to that effect would have been inserted in the law (tit. X).
The court’s view of the law is that the findings made by the Commission are merely a part of prescribed procedure prerequisite to the necessary direction of an action or proceeding for the purpose of obtaining relief and enforcement in the Supreme Court when discrimination is practiced in private housing.
Therefore, it must have been the Council’s intention in this area, conciliation failing, to require a trial ele novo, in which legal evidence could be adduced respecting the complaint originally made involving a discriminatory practice sought to be enjoined pursuant to title X.
Without the power to make conclusive findings or to make an administrative determination, as is given to the State Commission against Discrimination, the Commission on Human Eights is not empowered to prevent a court trial of the matters pertinent to the relief it now seeks. (It is significant to note that the State Commission had already been in operation and title X could have been fashioned with comparable provisions if such was the want of its draftsmen.) It is clear, therefore, that an action or proceeding must be instituted and a trial de novo is necessary for the judicial enforcement of the relief sought, consistent with the procedure and purposes prescribed in title X.
If a full trial has been made necessary here, the state of the present law demands it. Alternately, the Commission could be given greater power to make findings, or more “ teeth ” to make its own orders, subject only to judicial review. Such a change can only be acted upon by the law-making body.
The assertion of the defendants that Bachrach no longer seeks to occupy the apartment does not dissipate the complaint or this action and is not controlling. The policy and purposes of title X transcend the individual complaint made and are aimed against the repetition of such discriminatory practice — a purpose and matter of great public policy and concern. The action is brought to “ eliminate and remedy discriminatory practice ” where “ relief of a final and permanent nature is warranted ”, Therefore, the action survives even though there may be no *522 further need by the complainant for the specific housing accommodation involved.
The defendants have sufficiently controverted the allegations of the complaint in this action to create triable issues. With disputed proof of the allegations, on the present state of the law, the court cannot find that the plaintiff has shown sufficient to warrant the court, as a matter of law, to direct summary judgment in its favor. Nor are the defendants entitled to such judgment. Accordingly, the motions are denied.