■ In the Matter of JOHN RANADAZZO et al., Respondents, v. STATE COMMISSION FOR HUMAN RIGHTS, Appellant.— In a special proceeding to remedy discriminatory practices, the State Commission for Human Rights appeals from a judgment of the Supreme Court, Nassau County, entered June 2, 1965, which modified an order of said commission in certain respects. Judgment reversed on the law and the facts, without costs, and petition denied. Inconsistent findings below are reversed. In our opinion, based on the entire record, there was substantial evidence upon which the commission could find that the respondents had a general policy of discriminating against negroes in the rental of apartments solely because of their race. The order of the commission is properly designed to remedy the practice (cf. *Matter of Holland* v. *Edwards*, 307 N. Y. 38; *Matter of New York State Comm. Against Discrimination* v. *Pelham Hall Apts.*, 10 Misc 2d 334). Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of JUDITH SCHNEIDER, Respondent, v. HARVEY SCHNEIDER, Appellant.— In a support proceeding by a wife, the husband appeals from an order of the Family Court, Orange County, entered July 27, 1965 after hearings, which directed him to pay $175 a week for the support of his wife and two children and a $2,000 counsel fee, and provided for visitation rights with respect to the children. Order modified on the facts by reducing as of August 2, 1965, the support award to $125 a week and the counsel fee to $1,000 and by allowing the husband to have temporary custody of the son only during the course of the first three weekends in each month, from 1:00 P.M. on Saturday until 6:00 P.M. on Sunday. As so modified, the order is affirmed, without costs. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, under all the circumstances: (a) express provisions for visitation of the two-year-old daughter should await further application, if necessary, to be made after a reasonable lapse of time; (b) the visitation rights with respect to the son were unduly limited to alternate weekends; and (c) the allowances for support and counsel fee were excessive to the extent indicated. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.