Jack Stanislaw, J.
Petitioners move to review, annul and rescind a determination and order of respondent New York Commission for Human Rights (by amendment to the Executive Law, art. 15, eff. July 1, 1968, now designated State Division of Human Rights, hereinafter “Division”) dated June 26, 1968. The order is based upon certain stated findings of fact and conclusions of law reached by the three Commissioners of the Division, following a hearing held before them on April 17, 1968. Under the order, petitioners (designated as respond *652 ents in the proceeding held before the Division) were found to have committed an unlawful practice as defined by section 296 (subd. 5, par. [c], sub par. [1]) of article 15 of the Executive Law. The order, directed against petitioners Mid Village Realty, Inc., Veronica Davis (a licensed real estate broker engaged as a cobroker by the corporate petitioner), their agents, representatives, successors and assigns, provides that they shall:
1 ‘ cease and desist forthwith from denying to complainant Henry M. Francis, because of his color, the right to inspect, purchase, rent or lease any housing accommodations which the said respondents [petitioners herein] have listed with them in their capacity as real estate brokers;
“ make any offers for rental, lease or sale of any housing accommodations which are presently listed, or which in the future may be listed with them as real estate brokers, available to all interested persons without regard to the race, creed, color or national origin of such person;
‘ ‘ display and maintain copies of the Commission poster required by General Regulation No. 3 of the Commission in their offices in conspicuous well lighted places where they may be readily observed by those .seeking housing accommodations;
“ pay to the complainant Henry M. Francis as compensatory damages the sum of $350.00 within 30 days of receipt of this order;
“make available to the duly authorized representatives of the Commission such information and documents as may be necessary for the Commission to ascertain whether this order is being complied with.”
The Division denies those allegations of the petition which claim the findings and order sought to be annulled are capricious, arbitrary and unlawful and cross-moves to enforce the ordering provisions thereof in their entirety.
Section 296 of article 15 (subd. 5, par. [c], subpar. [1]) of the Executive Law provides, in part: “ It shall be an unlawful discriminatory practice of any real estate broker, real estate salesman or employee or agent thereof [t]o refuse to sell * * * any housing accommodation * * * to any person * * * or to refuse to negotiate for the sale * * * of any housing accommodation * * * to any person * * * because of the race, creed, color or national origin of such person * * * or to represent that any housing accommodation * # * is not available for inspection [or] sale * * * when in fact it is so available, or otherwise to deny or withhold any housing accommodation * * * from any *653 person * * * because of race, creed, color or national origin of such person”.
The purposes of the article, as stated at section 290, include: ‘ * to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life * * * participate fully in the economic, cultural and intellectual life of the state; [and] to eliminate and prevent discrimination * * * in housing accommodations ”. As stated by the Court of Appeals: “The legislature created the Commission Against Discrimination to effectuate its declared policy of combating the practice of discrimination on the basis of race, creed, color or national origin, as a threat to our democratic institutions ” (Matter of Holland v. Edwards, 307 N. Y. 38, 43).
The following testimony was offered on behalf of the complainant at the hearing before the Commissioners: Complainant, Henry M. Francis, a Negro, attempted to purchase a house in October of 1967. He saw a house listed in Newsday by the corporate petitioner, telephoned, spoke to petitioner Davis and, pursuant to appointment, went to petitioners’ office on Sunday, October 15, 1967, with his wife. Mrs. Davis drove them by car to see the house and advised that the price had been reduced from $27,500 to $24,500. They found the house in disrepair, told Mrs. Davis that they did not like it and asked to see others at a price range up to $32,000. Mrs. Davis said: ‘ ‘ There is nothing else worth looking at, that I have.” Mr. Francis then gave Ms card to Mrs. Davis, told her that if she had anything else he would like to see it, and left. He received no call or communication again from either Mrs. Davis or the corporate petitioner. Five days later, however, one Dianne Polowczyk, a Caucasian woman, visited petitioners ’ real estate office, spoke to the .same Mrs. Davis, told her .she was interested in buying a house in the price range of $25,000 to the “ low thirties ” and was shown five houses, all in good condition and available for immediate .occupancy. One was priced $25,750, another $31,900, two others at $35,000, and one for $36,000 (which Mr,s. Davis said was .subject to reduction). Mrs. Davis then drove Mrs. Polowczyk past the .same house wMch had been .shown to Mr. Francis, told her of the reduced price, but said she probably would not be interested in that one.
Counsel .representing Mrs. Davis and Mid Village Bealty, Inc. at the hearing, cross-examined complainant’s witnesses, but offered no evidence whatever to rebut their testimony. Although *654 Mrs. Davis was called to the witness stand by her attorney and sworn in, she was immediately withdrawn at his request, without explanation, and no other witness was offered.
Petitioners now urge that the order of the Division .should be set aside on the ground that complainant offered no evidence at the hearing to establish: (1) that the houses shown to Mrs. Polowczyk were listed with their office on the day the Francis’ were there; or (2) that Mrs. Davis’ failure .to- communicate with Mr. Francis during the intervening six-day period constituted a departure from her normal practice.
It would appear, however, that any evidence relevant to those issues would not be available to .the complainant and be peculiarly within the knowledge of either Mrs. Davis or the corporate defendant or both. Since “ petitioner [s] had every opportunity to present [their] evidence, contentions and objections to the Commission, but * * * chose not to take full advantage of that opportunity ” they should not be permitted to rely on the objections now raised by way of defense (Matter of Holland v. Edwards, 307 N. Y. 38, 47 supra). Moreover, Mrs. Davis ’ failure to testify or offer any evidence to rebut the inferences raised by the testimony of complainant’s witnesses, warrants a finding by .the Commissioners that had she testified her testimony would not have been favorable to her cause (Kirkpatrick v. Allemannia Fire Ins. Co., 102 App. Div. 327, affd. 184 N. Y. 546).
We are mindful, too, that the Commissioners would have been entitled to heed the caveat expressed by Fuld J. in Matter of Holland v. Edwards (307 N. Y. 38, 45, supra) when he stated: 11 One intent on violating the Law Against Discrimination cannot be expected to declare or announce his purpose. Far more likely is it that he will pursue his discriminatory practices in ways that are devious, by methods .subtle and elusive — for we deal with an area in which ‘ subtleties of conduct * * * play no small part.’ (Cf. Labor Bd. v. Express Pub. Co., 312 U. S. 426, 437.) ”
“ Evidence which is sufficient to require the court to submit a question of fact to a jury is .sufficient to .support a finding by [an] administrative board [such as this Division]. * * * The Board must consider and sift all the evidence — accepting the true and rejecting the false — and must base inferences on what it has accepted as true. Choice lies with the Board and its finding * * * is conclusive where others might reasonably make the same choice.” (Matter of Stork Rest. v. Boland, 282 N. Y. 256, 274; see, also, Matter of Holland v. Edwards, supra; Matter of Goldberg v. State Comm. for Human Rights, 54 Misc 2d 676.)
*655 There is here ample evidence to support the Division’s findings that petitioners engaged in unlawful discriminatory practice, in violation of section 296 (subd. 5, par. [c], .subpar. [1]) of the Executive Law and that complainant Francis suffered damages as a result of such discrimination. The petition, therefore, is dismissed and the cross motion granted in all respects.