■ In the Matter of MID VILLAGE REALTY, INC., et al., Appellants, v. NEW YORK STATE COMMISSION FOR HUMAN RIGHTS, Respondent.—In a proceeding pursuant to section 298 of the Executive Law to review respondent's order dated June 26, 1968, petitioners appeal from an order of the Supreme Court, Suffolk County, dated July 9, 1969, which denied the application and granted respondent's cross motion for enforcement of its said order. Order affirmed, with costs to respondent. We find no constitutional inhibition against the imposition of reasonable sanctions such as were here imposed in an administrative determination without a trial by jury. Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur. [59 Misc 2d 651.]

■ In the Matter of MILLE PALMIERI, Doing Business as MAROON REST. & BAR, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul respondent's determination, dated January 9, 1968, which suspended the petitioner's restaurant liquor license for 10 days and made demand upon petitioner's $1,000 bond. Determination confirmed and proceeding dismissed on the merits, with costs. Respondent could not disregard the determination of the Criminal Court of the City of New York ordering the suppression of certain physical evidence of gambling activities. Such items could not be admitted into evidence in the hearing before respondent (*Matter of Finn's Liq. Shop* v. *State Liq. Auth.*, 24 N Y 2d 647, 662). We are of the opinion, however, that even with the exclusion of the suppressed evidence the proof of petitioner's culpability as charged amounted to substantial evidence, sufficient to support the determination (cf. *Matter of Southside Rest.* v. *State Liq. Auth.*, 34 A D 2d 565). Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.