STATE DIVISION OF HUMAN RIGHTS on Complaint of ERROL JOHNSON, Respondent, *v.* MARIA STERN, Petitioner.

Fourth Department, December 2, 1971.

*Martin, Dutcher, Cooke, Mousaw & Vigdor (Joel N. Krane* of counsel), for petitioner.

*Henry Spitz* and *Ann Thacher Anderson* for respondent.

GABRIELLI, J. In this proceeding brought pursuant to section 298 of the Executive Law, petitioner seeks review of an order of the State Human Rights Appeal Board (Board) dated May 12, 1971, which modified an order of the State Division of Human Rights (Division), made on June 26, 1970.

Errol Johnson, a black, filed a complaint with the Division charging petitioner with an unlawful discriminatory practice relating to a housing accommodation. Following a preliminary investigation and determination of probable cause, the Division conducted a hearing and made a finding that petitioner had withheld a housing accommodation from Johnson because of his color in violation of the Human Rights Law. The decision and order entered thereon

(a) directed petitioner to pay complainant $600 as compensatory damages, and further directed that petitioner

(b) give complainant, for a two-year period, priority for any available 5-room apartment at not more than $75 per month in any of petitioner's several apartment units, wherever located,

(c) for a period of two years, notify the Division or its designee, the Urban League of Rochester, of any available housing accommodations in buildings owned, controlled or managed by petitioner, and, subject to paragraph (b), to consider persons so referred, without regard to any waiting list of applicants,

(d) file, for a period of two years, semiannual compliance reports with the Division,

(e) apply the same standards and terms of rental, sale and services to all persons without regard to race, creed, color or national origin,

(f) for a period of two years keep records of all vacancies. applications and rejections,

(g) post the Division's housing poster, and

(h) make compliance information available to the Division.

Petitioner appealed to the Board which modified the Division's order by (1) reducing the compensatory damages from $600 to $90 and (2) striking that portion of paragraph (c) of the order which required petitioner to consider all applicants referred by the Division or its designee without regard to any waiting list of other applicants.

Petitioner now seeks a review of the Board order of modification. The Division has not cross-moved against the order and seeks only an order of enforcement.

Upon " the record considered as a whole " we conclude that the Board's order affirming the Division's finding of discrimination on the part of petitioner, is supported by substantial evidence (Executive Law, § 298).

The provision of the order requiring petitioner to pay complainant the sum of $90 as compensatory damages should likewise be sustained since it appears that this constitutes a demonstrated out-of-pocket loss he suffered because of the discriminatory act. No lease was required nor contemplated and the record reveals that the proved monthly loss of $45 would apply but for the maximum ascertainable term of two months. Compensatory damages may be awarded only upon a factual basis appearing in the record. Any contrary holding notwithstanding, the question regarding the quantum of proof required to permit the Division to make an award for compensatory damages or for mental anguish, has now been put to rest by the Court of Appeals in its unanimous affirmance (29 N Y 2d 558) of *Matter of State Division of Human Rights* v. *Luppino* (35 A D 2d 107). In that case the precise issue was presented and the Second Department clearly held '' that the term ' compensatory damages ' in the Executive Law is limited to actual out-of-pocket expenses '' (p. 111) and, further, that proof of discrimination alone is not sufficient to found a claim for mental anguish (p. 113), for as held in *State Comm. for Human Rights* v. *Speer* (29 N Y 2d 555) damages for mental anguish may be awarded only upon demonstrably legal evidence as would be sufficient in a common-law action.

The Board's modification of the ordering paragraph (c) was entirely proper (*Scorcia* v. *State Division of Human Rights*, 27 N Y 2d 912). The '' preferential-referral '' order made by the Division was in direct conflict with the State's public policy to assure *every* individual an equal opportunity in respect of housing (*Matter of State Division of Human Rights* v. *Glick*, 35 A D 2d 738; *Malcolm Cornell, Inc.* v. *State Division of Human Rights*, 35 A D 2d 730; *Center Mgt. Co.* v. *State Division of Human Rights*, 34 A D 2d 637, affd. 27 N Y 2d 914).

Petitioner asserts that paragraph (e) is too broad in scope and is, therefore, vague. In view of our holding that petitioner committed a discriminatory act, we find no error in the Board's determination that petitioner comply with the directive. It '' seems to us not only wholly justified, but to be substantially what the statute commands petitioner to do in any event '' (cf. *Matter of Holland* v. *Edwards*, 282 App. Div. 353, affd. 307 N. Y. 38).

The provisions of the order requiring petitioner to file compliance reports, keep records of all vacancies and rejections and post the Division's regulations, are proper and enforceable (*Matter of State Comm. for Human Rights* v. *Kennelly*, 30 A D 2d 310, affd. 23 N Y 2d 722; *Matter of Kindt* v. *State Comm. for*

*Human Rights,* 23 A D 2d 809, affd. 16 N Y 2d 1001; *Matter of Moskal* v. *State of New York, Executive Dept., Division of Human Rights,* 36 A D 2d 46, 50). Finally, we construe paragraph (h) as too broad and vague in terms of duration of the requirement to make compliance information available to the Division; and, in view of the limitation imposed in the other ordering paragraphs, we limit paragraph (h) to a similar two-year period (*Matter of State Comm. for Human Rights* v. *Kennelly, supra*).

In treating the Division's application for an order of enforcement, we must consider the complete lack of legally demonstrable proof of petitioner's failure and refusal to comply with the order. The affidavit of the attorney for the Division, largely on information and belief, with no supporting proof or allegation, does not form the basis for an order of enforcement (*Matter of State Division of Human Rights* v. *Kerpoe, Testa & O'Donnell,* 34 A D 2d 1111; *Matter of State Division of Human Rights* v. *Richard L. Kidder, Inc.,* 34 A D 2d 1102). Without factual proof of noncompliance, such an order may not issue. (*Matter of Moskal* v. *State of New York, Executive Dept., Division of Human Rights, supra,* p. 50.)

The petition should be granted on the law, to the extent of modifying paragraph (h) of the order of the State Division of Human Rights by limiting its duration to a two-year period, and otherwise denied. The Division's cross application for an order of enforcement should also be denied, with leave to renew upon proper proof of noncompliance and other facts showing the necessity for enforcement of the order.

MARSH, J. P., WITMER, MOULE and CARDAMONE, JJ., concur.

Petition granted, on the law, to the extent of modifying paragraph (h) of the order of the State Division of Human Rights by limiting its duration to a two-year period, and otherwise denied; cross application for order of enforcement denied, with leave to renew upon proper proof; all without costs to any party.