Memorandum. Order of the Appellate Division affirmed, with costs.
 

 There was substantial evidence to sustain the determination and order of the administrative agency.
 

 If the testimony of Mrs. Trommer of the Urban League of Westchester County is credited, as it was by the agency, there were detailed explanations by the building superintendent’s now-separated wife, of the holding off of Black applicants for two vacant apartments (not just one of the two vacant apartments) and the seeking of white prospects, the past and present intention to keep the building free of Black tenants, and the difficulties experienced in renting to acceptable prospects. Notably, the superintendent’s wife was not called as a witness. Neither was the principal of the landlord corporation. Both would have been key to contradicting Mrs. Trommer’s testimony.
 

 The other facts which resulted in the renting of one of the two apartments to a Black tenant, an early applicant who had purportedly been held off from receiving the apartment, are explainable, and were so found by the fact finder, as a devious deployment by the landlord when it became evident that the effort to prove it to be engaged in unlawful practices might approach success.
 

 Unlawful discrimination in the present day is generally practiced in subtle ways
 
 (Matter of Holland v Edwards,
 
 307 NY 38, 45). There was more than ample evidence, therefore, to sustain the inferences of the administrative agency. That others would require stronger evidence to reach the ultimate factual inferences is not relevant. The inference-making function, as it is exercised at the evidentiary or fact-finding level, is exclusively that of the administrative agency
 
 (Matter of Pell v Board of Educ.,
 
 34 NY2d 222, 230;
 
 Matter of Holland v Edwards, supra,
 
 at p 44).
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 
 *867
 
 Order affirmed.