Cooke, J.
(dissenting). Contrary to the view of the majority, I submit that the determination of the Division of Human Rights is supported by sufficient evidence on this record considered as a whole. Therefore, I dissent and vote to reverse.
It is clear from the record that the Board of Education requires a pregnant teacher to choose, prior to the onset of her disability, between either paid sick leave or an unpaid leave of absence. It is also clear that, despite the Board of Education’s contentions of comparable policies, there is nothing in the record that establishes that the same choice is required with respect to non-pregnancy-related disabilities. Irrespective of the procedural setting of the matter, it imposes an unreasonable and unnecessary burden on the division to conclude at this point that there is not sufficient evidence in the record to support the determination of the division when, prior to the start of this enforcement proceeding, the Board of Education could have supplied proof of its policies. Indeed, to conclude that there is insufficient evidence because the division has not shown that such policies do not exist, is to assume, in effect, that such policies do exist. If the same choice is in fact required with respect to any other disabilities, the burden of coming forward should be on the Board of Education which should have advanced proof thereof, perhaps thereby ending the controversy (see McDonnell Douglas Corp. v Green, 411 US 792, 802-803). Viewing the record in this way, there is a more than sufficient basis for the division to have inferred that no such policies exist with respect to any non-pregnancy-related disabilities (see State Div. of Human Rights v Wagner, 39 NY2d 865).
In passing, it should be commented that, while it is understandable that a comparable policy requiring a beforehand choice between paid sick leave and an unpaid leave of absence may be unworkable in the case of a sudden disability such as a heart attack, it would not be unreasonable to require a choice in the case of other disabilities which, like pregnancy, are foreseeable. However, since the policy requiring that a choice be made by pregnant teachers was introduced after the *1025 division’s challenge to the Board of Education’s former policy of requiring pregnant teachers to take maternity leave, it is not illogical to infer that a comparable choice requirement was never before actually a part of the policies of the Board of Education, but, rather, that the choice requirement arose as part of an intended compromise to the division’s requirements. This, it is submitted, rather than the procedural setting of the matter, is a more likely explanation of the lack of proof with respect to comparable policies.
Chief Judge Breitel and Judges Jasen, Jones and Wachtler concur; Judge Cooke dissents and votes to reverse in a separate opinion in which Judges Gabrielli and Fuchsberg concur.
Order affirmed, without costs, in a memorandum.