■ In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant, v 358 WEST 52ND ST. CORP. et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County, entered December 30, 1975, which (1) denied the board's petition for enforcement of its final order dated February 27, 1975 directing respondents (the Employers) to negotiate in good faith with Local 240 International Brotherhood of Teamsters (the Union); (2) granted the Employers' application to vacate the board's certification of the Union as exclusive bargaining representative of certain employees of the Employers; and (3) directed the board to conduct a new election, unanimously reversed, on the law, with $60 costs and disbursements payable to appellant by respondents, respondent's application to vacate denied and petition for enforcement granted. In reviewing the determination of the New York State Labor Relations Board, the court's function was limited to the record before the board and in such circumstances, the court was without power to refer to affidavits which were outside the record (Labor Law, § 707; *Matter of Stork Rest. v Boland,* 282 NY 256, 266; *Matter of Holland v Edwards,* 307 NY 38, 44). If the Employers had wanted to present additional evidence (the affidavits) proper procedure would have been an application to the court to adduce such additional evidence before the board (see Labor Law, § 707, subd 2). No such application was made. We find that the board's determination was supported by substantial evidence and accordingly is conclusive (Labor Law, § 707, subd 2; *Matter of Stork Rest. v Boland, supra; Matter of Holland v Edwards, supra).* Concur—Kupferman, J. P., Birns, Evans, Capozzoli and Lane, JJ.