■    In the Matter of ELAINE BENVENUTO et al., Petitioners, v J. HENRY SMITH as Commissioner of the New York Department of Social Services, et al., Respondents.—Determination by respondent State Commissioner of Social Services, dated January 11, 1977, which, after an administrative fair hearing, affirmed a decision of the New York City Department of Social Services, dated May 28, 1976, denying petitioner Frank Benvenuto's application for medical assistance, confirmed, and petition dismissed, without costs and disbursements. In 1975, Mr. Benvenuto was twice admitted to Misericordia Hospital for pulmonary and cardiac disease, which hospitalizations were covered by assistance received from the city Department of Social Services. At these times, Mr. Benvenuto owned and operated a stationery store business. In October, 1975, he applied for Social Security disability and on January 2, 1976, he transferred the business to his son for no consideration. On May 18, 1976, Mr. Benvenuto was again admitted to the hospital and again applied to the city agency for assistance. This application, however, was turned down because of the prior transfer of the stationery store. We find that the administrative determination was based upon substantial evidence and was not arbitrary and capricious. Though petitioners contend that they were obliged to transfer the business, they offer no explanation of why the transfer was made without consideration. They failed to rebut the presumption contained in section 366 (subd 1, par [e]) of the Social Services Law which states that medical assistance shall be given to a person who requires such assistance and who "has not made a voluntary * * * transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of

qualifying for such assistance".* This statutory mandate is also set forth in 18 NYCRR 360.8 (b). Such a failure is fatal to the petition (see *Lavine v Milne,* 424 US 577; *Matter of Reynolds v Berger,* 54 AD2d 910). This court may not substitute its judgment for that of the commissioner *(Matter of Howard v Wyman,* 28 NY2d 434, 438). Petitioner's argument that he should be deemed eligible for medical assistance merely because his two prior applications for such assistance were approved, despite the fact that since those occurrences he disposed of his business (an asset) without consideration, is based on a fallacy, because it ignores the fact that each application for assistance is governed by the relevant circumstances existing *at the time* of each application. The city agency has aptly pointed out that when Mr. Benvenuto still owned the business, there was an asset of value which it could have resorted to to recover part of the payments made to petitioner. After the transfer of the business, no such recovery was possible. Each application by petitioner Frank Benvenuto for assistance required a new qualification and the circumstances surrounding his first application and approval did not dictate for all time the resolution of each subsequent application. To hold otherwise would result in holding that eligibility once achieved could never be lost or that qualification once achieved would be irrevocably fixed. This is illogical and defies common sense. As noted in *Matter of Clement v Lavine* (50 AD2d 63, 66): "The taxpayers have assumed the responsibility of supporting our chronically ill and aged citizens—but they have not guaranteed the inheritance of the heirs of the unfortunately sick (Social Services Law, § 363)." Simply put, there is no basis on this record for concluding that the ownership by Mr. Benvenuto of the stationery store or the lack of such ownership had little relationship to the approval, i.e., qualification for the previous medical assistance. Whatever the relationship, the acknowledged fact of transfer of such asset without consideration is a new fact directly bearing on Mr. Benvenuto's latest application, i.e., his qualification to obtain medical assistance. The dissent opts to view the circumstances controlling the prior applications as controlling on the latest application for assistance regardless of the intervening change of circumstances and would remove any adverse effect upon petitioners arising from the transfer without regard for the position of petitioners' fellow citizens—the other taxpayers of this State. It suffices to state that the commissioner's finding was not improper. "The inference-making function, as it is exercised at the evidentiary or fact-finding level, is exclusively that of the administrative agency *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 230; *Matter of Holland v Edwards,* [307 NY 38], at p 44)" *(State Div. of Human Rights v Wagner,* 39 NY2d 865, 866 [1976]). Concur—Sullivan, Lane, Markewich and Lupiano, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The decision of the New York City Department of Social Services denies the petitioner medical assistance. Prior to January, 1976, the petitioner Frank Benvenuto owned and operated a stationery store business. During that time, he was twice admitted to a hospital for pulmonary and cardiac disease, and the hospitalizations were covered by assistance from the New York City Department of Social Services. In October, 1975, he applied for Social Security

* This statute was subsequently amended, effective August 5, 1977, to delete the provision relating to voluntary assignments and to further state, *inter alia,* that a transfer for the purpose of defeating any current or future right to recovery of medical assistance paid would also bar assistance.

disability. In the beginning of 1976, he transferred the stationery store to his son without consideration. The tax records show that the net income from the store in 1974 was $6,000. When in May, 1976, Mr. Benvenuto again applied for medical assistance, it was rejected on the ground that the store had been transferred without a *quid pro quo,* even though it is obvious that Mr. Benvenuto in view of his severe illness could not possibly operate it, and it might have to be closed if his son had not undertaken to run it. The city agency explains the previous medical assistance on the ground that when he owned the business, the agency had an asset of some value to which it could resort to recover part of the payments, and now that the asset has been disposed of without consideration, the situation is different. The State Department of Social Services affirmed the decision of the city agency, citing section 366 (subd 1, par [e]) of the Social Services Law, which provides as follows: "Medical assistance shall be given under this title to a person who requires such assistance and who has not made a voluntary assignment or transfer of property for the purpose of qualifying for such assistance. A transfer of property made within one year of the date of application shall be presumed to have been made for the purpose of qualifying for such assistance." I would annul the determination and would reverse and remand for reconsideration. It is quite clear that the operation of the stationery store or the lack of it had little relationship to the previous medical assistance qualification, and the transfer of the property should not put these petitioners in a worse position. It was not transferred "for the purpose of qualifying for such assistance."