Chief Judge Cooke
(dissenting). Presented here is only one question — whether the State Division of Human Rights has jurisdiction under subdivision 2 of section 296 of the Executive Law to act on a complaint charging discrimination through the display and sale of ethnic “joke” novelty items. Because the majority holds that it does not, I must dissent.
As relevant here, subdivision 2 of section 296 makes it an unlawful discriminatory practice for the proprietor “of any place of public accommodation * * * directly or indirectly * * * to * * * display * * * any written or printed communication * * * to the effect that any of the accommodation, advantages, facilities and privileges of any such place shall be refused, withheld from or denied to any person on account of * * * national origin * * * or that the patronage or custom thereat of any person of [a particular national origin] is unwelcome, objectionable or not acceptable, desired or solicited.”
Complainant, an individual of Polish heritage, filed a complaint with the State Division of Human Rights charging the McHarris Gift Center with the unlawful discriminatory practice of denying him equal advantages, facilities, privileges and accommodations of a place of public accom *815 modation because of his national origin. The basis of the complaint was the sale and display by McHarris Gift Center of three novelty items that, were demeaning to persons of Polish extraction. The three items were a pencil with an electric cord marked “Polish Calculator”, a cylinder marked “Polish bowling ball”, and a mug with the handle inside marked “Polish mug.” Although the State division dismissed the complaint for lack of jurisdiction, the Human Rights .Appeal Board disagreed, finding both jurisdiction and probable cause to proceed further pursuant to the Human Rights Law. McHarris Gift Center then commenced a proceeding in the Appellate Division pursuant to section 298 of the Executive Law to annul the board’s order. The Appellate Division granted the petition, reversed the board’s order and dismissed the complaint. The court concluded that the items were “offensive and in poor taste”, but that they were not communications prohibited by subdivision 2 of section 296. This appeal followed and the majority now affirms.
I am unable to join in this affirmance. The Human Rights Law was designed “to assure that every individual within this state is afforded an equal opportunity to enjoy a full and productive life” and “to eliminate and prevent discrimination” in, among other things, places of public accommodation (Executive Law, §290, subd 3). Liberal construction of the statutory provisions is necessary to effectuate its purposes (see New York Inst. of Technology v State Div. of Human Rights, 40 NY2d 316, 324-325).
Subdivision 2 of section 296 quite definitely proscribes the display of a printed or written communication which suggests that the patronage of a person of a particular national origin at a place of public accommodation is “unwelcome, objectionable, not acceptable, desired or solicited.” It forbids the denial or withholding of equal access to and treatment in such places. The statute unquestionably prohibits a proprietor from excluding a particular group by means of a sign prominently displayed directly stating the exclusion. It also reaches the less obvious discriminatory conduct that takes the form of exclusion by inference (see Matter of Trowbridge v Katzen, 14 AD2d 608).
*816 There can be no doubt that the items displayed here were a printed or written communication. On one level the items communicate simply the point of the so-called “joke” — the crude, unfair and totally incorrect picture of persons of Polish heritage. While possibly some may find humor in this or consider it harmless bad taste, to others the communication from these items when displayed may be far different and far more destructive: that the patronage of persons depicted and ridiculed by the so-called “joke” is unwelcome, objectionable or unacceptable. It is the latter that the majority refuses to acknowledge.
This court is not called upon at this time to say that the display here necessarily evinces the prohibited conduct and constitutes an unlawful discriminatory practice. Indeed, the court is not asked to decide whether the complaint should be sustained on the merits. The only issue is whether the State division has jurisdiction over this complaint. At the very least, the possibility of a veiled discriminatory tactic can be discerned here. Not only does the majority ignore this, but in denying jurisdiction here, it effectively prohibits complaints of discrimination that take the form of exclusion by indirection.
By today’s action, the majority sweeps aside and needlessly restricts the protections against discrimination intended by subdivision 2 of section 296. Given the language of the statute, its remedial purposes and the acts at issue, I am unable to join in the majority’s decision.